UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELIA J.,

          Plaintiff,                  Case No. 2:25-cv-11614
                                     Honorable Anthony P. Patti

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT (ECF No. 15), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 16), and AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

**I.    Background**

**A.    Prior Applications**

Angelia J. ("A.J.") applied for disability insurance (DI) and supplemental security insurance (SSI) benefits in April / May 2020, alleging disability beginning October 4, 2019 (*i.e.*, the alleged onset date (AOD)), at which point she was 50 years old, *i.e.*, a person closely approaching advanced age, 20 C.F.R. §§ 404.1563(d), 416.963(d).  (ECF No. 6, PageID.327-336.)  Plaintiff's claims were denied initially in July 2020 and upon reconsideration in December 2020.  (*Id.*, PageID.116-191, 194-260.)

A.J. sought a hearing with an administrative law judge (ALJ) (*id.*, PageID.262-264), and, on June 24, 2021, ALJ McKay conducted a hearing, at which Plaintiff, her attorney, and a vocational expert appeared (*id.*, PageID.65-114, 2025-2074).  On August 3, 2021, ALJ McKay issued an unfavorable decision. (*Id.*, PageID.40-64, 1955-1979.)

On October 4, 2021, Plaintiff requested review of the hearing decision (*id.*, PageID.321-324); however, on October 20, 2022, the Appeals Council denied Plaintiff's request for review (*id.*, PageID.24-29, 1980-1985).  Plaintiff filed an appeal in this Court on December 20, 2022, and, on April 4, 2023, the Court entered a stipulated order remanding Plaintiff's case.  (*Id.*, PageID.1986-1989 [Case No. 2:22-cv-13074-APP].)

### B.     Remand

On August 30, 2023, the Appeals Council entered an order remanding the case to an ALJ.  (ECF No. 6, PageID.1990-1995.)  On February 5, 2024, ALJ McKay conducted a hearing, at which Plaintiff, her attorney, and a vocational expert appeared.  (ECF No. 6, PageID.1902-1953.)  On April 3, 2024, ALJ McKay issued an unfavorable decision (*id.*, PageID.1869-1901), ultimately concluding that

2

Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 4, 2019, through the date of this decision[.]" (*Id.*, PageID.1891.)[1]

Plaintiff sought review in April / May 2024 (*see id.*, PageID.1863-1868, 2173-2179); however, on March 26, 2025, an Administrative Appeals Judge informed Plaintiff's counsel that the SSA's Office of Appellate Operations "found no reason under our rules to assume jurisdiction." (ECF No. 6, PageID.1856-1862.) Plaintiff filed the instant lawsuit on May 30, 2025.

### C. Subsequent Applications

Meanwhile, Plaintiff applied anew for DI and SSI benefits in November / December 2022, this time alleging disability beginning January 1, 2022 (*i.e.*, the alleged onset date (AOD)), at which point she was 53 years old, *i.e.*, a person closely approaching advanced age, 20 C.F.R. §§ 404.1563(d), 416.963(d). (ECF No. 6, PageID.2212-2219.)

In August 2023, Plaintiff was found to be disabled at the initial level. (*Id.*, PageID.1996-2009 [Title II ], 2010-2023 [Title XVI].) Plaintiff's claim for SSI benefits was approved on September 28, 2023. (*Id.*, PageID.2157-2172.) On October 9, 2023, the SSA informed Plaintiff that it found she "became disabled . . .

---

[1] ALJ McKay had multiple medical records before her at the time of her April 3, 2024 decision. (*See* ECF No. 6, PageID.1898-1901; *id.*, PageID.461-2853 [Exhibits 1F-40F].) The administrative record also contains a "Claimant's Recent Medical Treatment" form. (*See id.*, PageID.443-444.)

3

on January 1, 2022[,]" and she was "entitled to monthly disability benefits beginning June 2022." (*Id.*, PageID.2150-2156.)

## II.   Instant Case & Pending Motion

As noted above, on May 30, 2025, Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") – in this case ALJ McKay's April 3, 2024 decision on remand from ALJ McKay's August 3, 2021 decision. (*See* ECF No. 1, PageID.3 ¶ 9.) The parties have consented to my jurisdiction to handle this case through entry of a final judgment. (ECF No. 8.)

Currently before the Court is Plaintiff's amended motion for summary judgment (ECF No. 15), which challenges ALJ McKay's treatment of the opinion evidence and Plaintiff's subjective symptoms. (*Id.*, PageID.2908-2914.) The Commissioner – having previously filed a copy of the administrative record (ECF No. 6) – has filed a cross-motion for summary judgment (ECF No. 16), and Plaintiff has filed a reply (ECF No. 17).

On July 27, 2026, the Court conducted a remote hearing, at which Attorney Erin Elizabeth Rich and Assistant United States Attorney Lisa G. Smoller appeared. The Court issued its opinion and reasoning from the bench, <u>all of which is incorporated by this reference as though fully restated herein.</u>

### III.    Standard

Plaintiff has the burden of proof on her statements of error, as she challenges the ALJ's treatment of the opinion evidence and Plaintiff's subjective symptoms, each of which occurred between steps 3 and 4 of the sequential process. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."). "[A] decision supported by substantial evidence must stand, even if [the court] might decide the question differently based on the same evidence." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## IV.    Discussion

Before proceeding to Plaintiff's specific statements of error, the Court notes

ALJ McKay's April 3, 2024 RFC determination:

> [T]he claimant has the residual functional capacity to perform sedentary work [*i.e., exertional limitations*] as defined in 20 CFR 404.1567(a) and 416.967(a) except she has additional limitations.  The claimant can occasionally climb stairs, crouch, crawl, kneel, and stoop/bend.  She can occasionally balance as defined by the Selected Characteristics of Occupations [*i.e., postural limitations*].  The claimant must avoid workplace hazards such as dangerous, moving machinery and unprotected heights [*i.e., environmental limitations*] so the claimant is not able to climb ladders, ropes, or scaffolding [*i.e., postural limitations*].  She is limited to standing and/or walking a total of no more [than] four hours in an eight-hour workday [*i.e., exertional limitations*].  The claimant can frequently reach in all directions with the right upper extremity [*i.e., manipulative limitations*].

(ECF No. 6, PageID.1880-1888.)

As noted above, ALJ McKay ultimately concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 4, 2019, through [April 3, 2024][.]" (*Id*., PageID.1891.)[2]

---

[2] At the outset of the hearing, the Court acknowledged the SSA's allowance of benefits in 2023 regarding Plaintiff's 2022 applications for DI and SSI benefits (*see* ECF No. 6, PageID.2150-2156, 2157-2172) and inquired about the relevant time period under review in the present appeal.  Although the 2022 applications resulted in findings that Plaintiff's disability began on January 1, 2022 (*see id*., PageID.1996, 2010), it appears that the 2022 claim was duplicative (*see* ECF No. 6, PageID.1872, 1993), the files were consolidated (*see id*.), and the April 3, 2024 decision reversed the 2023 allowances (*see id*., PageID.1891).  The fact that this could happen was acknowledged by Plaintiff's counsel at the February 5, 2024 hearing before the ALJ: "[T]here is a possibility if she's found, you know, not

### A.      Opinion evidence (20 C.F.R. § 404.1520c)

Plaintiff argues that "[t]he ALJ Violated 20 C.F.R. § 404.1520c by failing to provide a meaningful supportability analysis for medical opinion evidence[.]" (ECF No. 15, PageID.2908-2911; *see also* ECF No. 17, PageID.2941-2945.)  The Commissioner argues that ALJ McKay "properly evaluated the prior administrative medical findings and medical opinion evidence in the record." (ECF No. 16, PageID.2921-2931.)

In her April 3, 2024 decision, ALJ McKay's assessed the persuasiveness of several pieces of opinion evidence (*see* ECF No. 6, PageID.1884-1888), many of which Plaintiff mentions in her brief (*see* ECF No. 15, PageID.2908-2911). However, at the hearing, Plaintiff narrowed her argument to the ALJ's treatment of Dr. Soile's opinions – *i.e.*, the June 15, 2020 MSS (physical) of Remi Soile, M.D. (*id.*, PageID.968-971 [Ex. 10F], 1843-1846 [Ex. 21F]), Dr. Soile's February 1, 2023 MSS (physical) (*id.*, PageID.2820-2823 [Ex. 36F]); and/or Dr. Soile's January 31, 2024 MSS (physical) (*id.*, PageID.2741-2744 [Ex. 31F]) as not persuasive – and waived her challenges to the ALJ's treatment of the other opinions.

---

disabled that potentially she wouldn't qualify for any ongoing benefits either." (ECF No. 6-5, PageID.1909; *see also* extensive discussion at PageID.1914-1917, 1952.)  Counsel also stated that he advised his client of this "possibility" because "I was being transparent with her and honest with her." (*Id.*, PageID.1909.)

Upon consideration, the Court is satisfied that ALJ McKay's consideration of Dr. Soile's medical source statements complied with 20 C.F.R. § 404.1520c(c). ALJ McKay's written decision acknowledges at Step 3, and again within the RFC discussion's consideration of "conservative treatment," that "treating physician Remi Soile, M.D., concluded in February 2023 that the claimant did not require an assistive device to walk ([ECF No. 6, PageID.2821])."  (ECF No. 6, PageID.1880, 1884.)  Then, when reviewing the opinion evidence, ALJ McKay concluded that Dr. Soile's June 2020, February 2023, and January 2024 medical source statements were "not persuasive because they are not consistent with or supported by the evidence . . . ."  (*Id.*, PageID.1886.)  ALJ McKay explained this conclusion as follows:

> Even though he treated the claimant personally for more than two years,[3] the claimant is not as limited as he suggested.  For instance, the evidence of record does not support any absence or off task limitations, as clinicians, including Dr. Soile, did not document any attention or concentration deficits and treatment notes did not reveal any objective evidence that would support a finding of excessive absences (e.g., Exhibits 4F/8; 8F/4, 9, 15, 19, 23-24; 9F/4, 9, 14, 46, 50; 12F/255, 266; 13F/49; 14F/24, 89; 16F/4, 9, 14, 24; 17F/78, 90, 94, 104; 19F/31; 20F/5; 30F/3, 18, 56, 61, 66, 71, 81, 87, 96).  Additionally, nothing in the record suggests the claimant has any head rotation/position, left upper extremity, or bilateral hand/finger limitations.  She was noted to have full range of motion of the neck, she demonstrated normal hand dexterity during evaluations, and she

---

[3] The medical evidence contains treatment records from Dr. Soile of RSMD, P.L.L.C. dated as early as 2019 to as late as December 11, 2023.  (*See* ECF No. 6, PageID.18-19, 21; *see also id.*, 906-967 [Ex. 9F], 1484-1510 [Ex. 16F], 2633-2739 [Ex. 30F], 2761-2785 [Ex. 33F].)

reported she can drive short distances, prepare meals, and text (e.g., Exhibits 17B; 4E; 8E; 16F/3; 29F/17; 30F/3, 10, 81; 30F/91, 96; 33F/12).  Rather, while the claimant has various musculoskeletal impairments, the relatively unremarkable gait and physical examination findings discussed above from various sources, including Dr. Soile, support the finding that the claimant is instead capable of performing sedentary work as described above (e.g., Exhibits 8F/8-9, 15, 23; 9F/4, 6, 9, 24, 38, 41, 50; 12F/266; 14F/4; 16F/4, 24; 19F/6; 20F/8-9; 28F/5, 10; 30F/91, 96, 102).

(ECF No. 6, PageID.1886.)

Preliminarily, Plaintiff has not challenged the accuracy of this discussion by the ALJ.  More to the point, ALJ McKay clearly considered the longitudinal treating relationship under 20 C.F.R. § 404.1520c(c)(3)(i) ("Length of the treatment relationship."), as well as the supportability and consistency factors.  *See* 20 C.F.R. § 404.1520c(c)(1),(2).  These latter two factors are the most important factors.  20 C.F.R. § 404.1520c(a) ("The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section).").[4]  Relatedly, ALJ McKay exhaustively discussed Plaintiff's "conservative treatment" within in her written decision.  (ECF No. 6, PageID.1884; *see also id.*, 1885.)  It is appropriate to read

---

[4] Also, as mentioned above, ALJ McKay found the opinions of state agency medical consultants Ramirez-Jacobs and Hahn persuasive, in each case providing substantive evidentiary support for the Commissioner's decision.  (*See* ECF No. 6, PageID.1884-1885.)

9

an ALJ's decision as a whole.  *See Athey v. Comm'r of Soc. Sec.*, No. 13-cv-12528, 2014 WL 4537317, at *4 (E.D. Mich. Sept. 11, 2014); *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("Because it is proper to read the ALJ's decision as a whole ... it would be a needless formality to have the ALJ repeat substantially similar factual analyses" in different parts of the decision.).

In sum, the Court is satisfied that ALJ McKay properly considered the supportability, consistency, and relationship factors when finding Dr. Soile's MSSs "not persuasive."  Indeed, after reviewing "physical examination findings," ALJ McKay limited Plaintiff to sedentary work, which is the most restrictive exertional category, and further limited Plaintiff "to frequent reaching with the right upper extremity . . . ."  (*Id.*, PageID.1884.)  Thus, the RFC assessed by ALJ McKay clearly acknowledges a significant level of restriction and carefully considers what was and was not supported by both Dr. Soile's own treatment notes and what was consistent with the record as a whole.  The path of the ALJ's reasoning in discounting this treater's opinions is clear to this subsequent reviewer on appeal.

## B.    Symptoms (20 C.F.R. § 404.1529 & SSR 16-3p)

Plaintiff argues that "[t]he ALJ failed to properly evaluate Plaintiff's subjective symptoms under SSR 16-3p[.]"  (ECF No. 15, PageID.2911-2914; *see also* ECF No. 17, PageID.2945-2946.)  The Commissioner argues that ALJ McKay

"properly evaluated Plaintiff's subjective complaints."  (ECF No. 16, PageID.2931-2938.)

In her April 3, 2024 decision, ALJ McKay found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  (*See* ECF No. 6, PageID.1882-1884.)  Upon consideration, the Court is satisfied that ALJ McKay's consideration of Plaintiff's subjective symptoms complied with 20 C.F.R. § 404.1529(c)(3). While the Court set forth multiple reasons on the record, it mentions just a few here, such as "conflicting accounts as to whether her medications cause side effects[,]" (ECF No. 6, PageID.1882; *see also id*., PageID.1883-1884), "a wide range of demanding activities of daily living that indicate her impairments are not as limiting as alleged[,]" (*id*.), testimony that "she must elevate her legs," while treating clinicians opined otherwise (*id*.), "[a]fter [her October 2019] surgery, she was initially taken off work for six weeks and required housework/attendant care services but later reported that she was expected to return to work in March 2020 . . . [,]" (*id*., PageID.1883), her "knee conditions improved with treatment[,]" (*id*.), "while recent physical examinations occasionally suggested slight edema of the right knee, an antalgic gait, patellar grind, and crepitance, healthcare providers determined her gait and coordination were within normal limits . . . [,]" (*id*.),

"October 2021 treatment notes," where "she had explained her pain was not as severe because she had not done a lot of activity and was only taking over-the-counter Tylenol . . . [,]" (*id.*), "clinicians noting she had experienced a forty percent improvement in low back pain after facet injections . . . [,]" (*id.*), and "conservative treatment." (*id.*, PageID.1884).

In sum, the Court does not find it difficult to trace the reasoning of the ALJ as to Plaintiff's subjective symptoms.  Indeed, notwithstanding ALJ McKay's conclusion that Plaintiff's alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record . . . [,]" (ECF No. 6, PageID.1882), ALJ McKay limited Plaintiff to sedentary work, which is the most restrictive exertional category, and further limited Plaintiff "to frequent reaching with the right upper extremity . . . ." (*Id.*, PageID.1884.)  Thus, the RFC assessed by ALJ McKay clearly acknowledges a significant level of restriction.

## V.  Conclusion and Order

Upon consideration of the motion papers and counsels' arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, as well as the reasons set forth above, Plaintiff has not shown legal error that would upend the ALJ's decision, and the Court finds that it is supported by substantial evidence.  The Court is satisfied that the ALJ acted well inside the

"'zone of choice' within which the Commissioner can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citation omitted).  The Court cannot reweigh the evidence, which is what it would have to do so reach a different outcome in this case on either of the two statements of error. *See Mullins v. Sec'y of Health & Hum. Servs.*, 680 F.2d 472, 472 (6th Cir. 1982) ("Our task is not to reweigh the evidence.  That is solely the province of the Secretary.") (citation omitted).

Accordingly, Plaintiff's amended motion for summary judgment (ECF No. 15) is **DENIED**, Defendant's motion for summary judgment (ECF No. 16) is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated:  July 28, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

13